# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. HUSKEY,<br><br>   Plaintiff,<br><br>   v.<br><br>COALINGA STATE HOSPITAL, et al.,<br><br>   Defendants. | Case No.  1:13-cv-01708-MJS (PC)<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, and (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF Nos. 1 & 2)**<br><br>**AMENDED PLEADING DUE IN THIRTY DAYS** |

Plaintiff is a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are Plaintiff's (1) application to proceed in forma pauperis, and (2) complaint for screening.

**I.  IN FORMA PAUPERIS APPLICATION GRANTED**

Examination of Plaintiff's application to proceed in forma pauperis reveals that plaintiff is unable to afford the costs of this action. Accordingly, his application to proceed in forma pauperis is granted.

**II.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

1

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

## IV. PLAINTIFF'S ALLEGATIONS

Plaintiff is detained at Coalinga State Hospital in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names as Defendants the Coalinga State Hospital (Coalinga) and Audrey King, Executive Director of Coalinga.

Plaintiff complains of overcrowded conditions that deny: state mandated minimum living space; possession of non-contraband personal property confiscated by Defendants under guise of insufficient storage space; privacy including lack of sufficient privacy curtains; and freedom from unreasonable searches and seizures.

Plaintiff seeks as relief an order that (1) dorm room occupancy be reduced from 4 to 2 men; (2) all non-civil detainees be removed from the hospital facility; (3) privacy curtains be installed in each room; and (4) all allowable property be returned.

## V. ANALYSIS

As noted, Plaintiff is a civil detainee detained pursuant to California Welfare and Institutions Code § 6600 et seq. Such persons are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). Civil detainees retain greater liberty protections than individuals detained under criminal process, Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004), and are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish. Youngberg v. Romeo, 457 U.S. 307, 322 (1982). Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts. Id. at 932-33.

Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Youngberg, 457 U.S. at 315. A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321.

Plaintiff complains of various housing conditions and staff actions, but he neither attributes these to an individual Defendant, nor demonstrates his federal rights have

been violated. The deficiencies in the claims and the required corrections (where correction is possible) are discussed below.

### A. <u>Coalinga State Hospital Not Amenable to Suit</u>

Plaintiff names Coalinga as a Defendant. However, the Eleventh Amendment prohibits suits against state agencies. See <u>Natural Res. Def. Council v. California Dep't of Transp.</u>, 96 F.3d 420, 421 (9th Cir. 1996). Coalinga is a facility of the California Department of Corrections and Rehabilitation (CDCR), a state agency, and is entitled to Eleventh Amendment immunity. <u>Aholelei v. Dept. of Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007). Thus, Plaintiff's claim against Coalinga is not cognizable under § 1983. Plaintiff may not name Coalinga as a Defendant in any amended pleading.

### B. <u>Defendant King Not Linked to Alleged Violations</u>

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. <u>Iqbal</u>, 129 S.Ct. at 1949–50; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. <u>Id.</u>

There must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by the plaintiff. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. <u>Iqbal</u>, 129 S.Ct. at 1948.

Nothing in the complaint describes or indicates how Defendant King actually violated, or participated in the violation of, Plaintiff's federal rights. The mere fact Defendant King is the Executive Director of Coalinga is not alone a basis for liability. Defendant King may only be held liable in a supervisory capacity if she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

If Plaintiff chooses to amend, he must explain how each individual Defendant contributed to the denial of his rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

### C. Overcrowding

Plaintiff complains that the number of individuals at the facility exceeds design and state license capacity. However, he does not explain whether, and the extent to which, he has been impacted by alleged overcrowding. He does not allege facts suggesting conditions are so harsh and restrictive as to be punitive.[1] Significantly, nothing before the Court suggests a reduction in services, increase in violence, or other impact upon habitability and conditions of confinement as a result of overcrowding. See Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989).

Even where the overcrowding violates state regulatory requirements, a plaintiff must still show adverse conditions violating the Due Process Clause. Healey v. Murphy, 2013 WL 1336786, at *41 (D. Mass. 2013). Only where the conditions of confinement are such "as to cause [detainees] to endure genuine privation and hardship over an extended period of time" is a due process concern raised. Bell v. Wolfish, 441 U.S. 520, 542 (1979). Mere double-bunking of residents at a treatment facility is not a per se violation of due process. Id., citing Cote v. Maloney, 152 Fed.Appx. 6, 7 (1st Cir. 2005); but cf., Brown v. Plata, ⎯⎯ U.S. ⎯⎯, ⎯⎯, 131 S.Ct. 1910, 1923 (2011) (upholding the district court's finding of the unconstitutionality of overcrowding of prison where it had "overtaken the limited resources of prison staff; imposed demands well beyond the capacity of medical and mental health facilities; and created unsanitary and unsafe conditions that make progress in the provision of care difficult or impossible to achieve.").

Some crowding and loss of freedom of movement is one of the inherent discomforts of confinement. Bell, 441 U.S. at 542; see also Demery v. Arpaio, 378 F.3d

---

[1] Youngberg, 457 U.S. at 932-33.

1020, 1030 (9th Cir. 2004) (noting that <u>Bell</u> determined that "the additional discomfort of having to share the already close corners with another detainee was not sufficiently great to constitute punishment."). Even if the crowding were to constitute more than de minimis harm, there is no evidence that the condition was intended to punish or was excessive in relation to a non-punitive purpose. <u>Jones</u>, 393 F.3d at 934.

Exclusive reliance on per capita square footage recommendations or a jail's rated capacity is insufficient to find that population is unconstitutional. <u>Graves v. Arpaio</u>, 2008 WL 4699770, at *7 (D. Ariz. October 22, 2008), <u>citing</u> <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1249 (9th Cir. 1982), abrogated on other grounds by <u>Sandin v. O'Connor</u>, 515 U.S. 472, (1995). Consideration must also be given to how much time inmates must spend in their cells each day, whether any increased violence was disproportional to the increase in population itself, and whether overcrowding has caused any other constitutional deprivations. <u>Id.</u>

Plaintiff does not assert that he has been subjected to and suffered from the overcrowding conditions. He does not allege the duration of overcrowding or why and how the conditions are so harsh as to be punitive and actually harmful. Plaintiff may not rely upon vague, speculative, hypothetical or conclusory language to establish a plausible claim for relief against Defendants. <u>Iqbal</u>, 556 U.S. at 678-79.

If Plaintiff chooses to amend, he must demonstrate he was subjected to overcrowding resulting in specified conditions so harsh and restrictive as to be punitive and to have caused him harm.

**D.     Property**

Plaintiff complains Defendants confiscated unspecified articles of his personal property because there was insufficient space in the living area to store it. The Due Process Clause protects against property deprivation without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).[2] An authorized, intentional deprivation of

---

[2] Plaintiff does not have a Fourth Amendment right to be free from seizure of his personal property. <u>Hudson v. Palmer</u>, 468 U.S. 517, 536 (1984); <u>Taylor v. Knapp</u>, 871 F.2d 803, 806 (9th Cir. 1989). His property claim is properly analyzed under the Fourteenth Amendment. <u>Id.</u>

1  property is actionable under the Due Process Clause,[3] see Hudson, 468 U.S. at 532
2  n.13, citing Logan, 455 U.S. at 435–36; Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.
3  1985), but neither negligent nor unauthorized deprivations of property are actionable.
4  Hudson, 468 U.S. at 533; Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994), citing
5  Cal. Gov't Code §§ 810– 895.

6  Plaintiff does not indicate: who confiscated property; what property was
7  confiscated; what, if any, reason and authority was given by Coalinga officials for the
8  confiscation; whether it claims the confiscation was authorized and if so why; the nature
9  and extent of any deprivation suffered (e.g., has the property been stored for Plaintiff's
10 future use); or the ultimate disposition of the property (e.g., whether it was stored,
11 mailed home, donated, or disposed of in some other fashion).

12 Plaintiff does not state a cognizable claim for relief for violation of the Due
13 Process Clause of the Fourteenth Amendment for the deprivation of property.

14 If Plaintiff chooses to amend, he must allege facts showing an intentional and
15 authorized deprivation of his property not serving a valid prison purpose, causing him
16 harm.

17 **E.   Search**

18 Plaintiff complains his living area has been searched. The Fourth Amendment
19 prohibits only unreasonable searches. Bell, 441 U.S. at 558; Byrd v. Maricopa Cnty.
20 Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d
21 328, 332 (9th Cir. 1988). The reasonableness of a search is determined by the context,
22 which requires a balancing of the need for the particular search against the invasion of
23 personal rights the search entails. Bell, 441 U.S. at 558-59. Factors that must be
24 evaluated are the scope of the particular intrusion, the manner in which it is conducted,
25 the justification for initiating it, and the place in which it is conducted. Bell, 441 U.S. at

---

[3] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982); Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

1  559; Byrd, 629 F.3d at 1141.

2  Maintaining facility security and effectively managing the facility are
3  unquestionably legitimate, non-punitive government interests. Jones, 393 F.3d at 932
4  (9th Cir. 2004). Plaintiff is not entitled to be entirely free from institutional searches. For
5  example, Plaintiff does not have a reasonable expectation of privacy to remain free from
6  suspicion-based contraband searches. See Bell, 441 U.S. at 557. Thus, the bare
7  assertion that Plaintiff's living area may have been searched does not support a claim.

8  Plaintiff does not explain who searched what, when, and how the search was
9  conducted; how he was harmed as a result; whether a justification was given; and
10 whether property was seized and, if so, why. Some courts have concluded civil
11 detainees do not have a reasonable expectation of privacy in their rooms. Pesci v.
12 Budz, 2012 WL 4856746, at *6 (M.D. Fla. Oct. 12, 2012) (civil detainee did not have a
13 reasonable expectation of privacy in his dormitory); but see Hoch v. Tarkenton, 2013
14 WL 1004847, at *2 (E.D. Cal. Mar. 13, 2013) (finding cognizable Fourth Amendment
15 claim arising from contraband search of civil detainee's hospital room where search
16 unsupported by consent, warrant, probable cause, or reasonable suspicion).

17 Plaintiff does not demonstrate an unreasonable search of his living area.

18 If Plaintiff chooses to amend, he must demonstrate named Defendants
19 conducted an unreasonable search of his living area, causing him harm.

20 **F.    Privacy**

21 Plaintiff complains he has been denied privacy and adequate privacy curtains in
22 his living area. There must be a "reasonable expectation of privacy in the area invaded"
23 for a Fourth Amendment claim to lie. Espinosa v. City and County of San Francisco, 598
24 F.3d 528, 533 (9th Cir. 2010); Hudson, 468 U.S. at 525.

25 The extent of an involuntarily confined civil detainee's right to privacy in his room
26 in a secure treatment facility is unclear, but assuming Plaintiff retains any reasonable
27 expectation of privacy at all in his living area at Coalinga, it would necessarily be of a
28 diminished scope given Plaintiff's civil confinement. See Bell, 441 U.S. at 556-57

(discussing detainee's expectation of privacy in cell or room at detention facility); see also Pesci, 2012 WL 4856746, at *6 (no expectation of privacy in dormitory); but cf., Hoch, 2013 WL 1004847, at *2 (search of plaintiff's hospital room, where search was unreasonable, states a Fourth Amendment claim).

Plaintiff does not explain the nature and extent of the alleged privacy deprivation. The Court cannot determine whether a reasonable expectation of privacy was violated. His bare allegation that his privacy curtains are inadequate because they are partially netted and too short is insufficient to support a viable privacy claim under the Fourth Amendment.

If Plaintiff chooses to amend, he must explain the nature and extent of any reasonable expectation of privacy in his living area, how named defendants violated this privacy expectation, and the harm caused.

### VI.   CONCLUSIONS AND ORDER

Plaintiff's in forma pauperis application is sufficient.

Plaintiff's complaint does not state a claim for relief under § 1983. The Court will grant an opportunity to file an amended complaint consistent with this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to state a claim that is plausible on its face." Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his complaint filed October 24, 2013;
3. Plaintiff's complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted;
4. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and

/////
/////
/////
/////
/////
/////
/////

5.  If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: October 31, 2013          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE