1
2
3
4
5
<u>6</u>
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. HUSKEY, | CASE NO. 1:13-cv-01708-MJS |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIM ALONE |
| v. | |
| AUDREY KING, et al., | |
| Defendants. | (ECF NO. 8) |
| | THIRTY DAY DEADLINE |

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") proceeding *pro se* and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.  (ECF Nos. 1 & 4.)  The Court screened Plaintiff's complaint and dismissed it for failure to state a claim but gave leave to amend.  (ECF No. 4.)  Plaintiff's First Amended Complaint (ECF No. 8.) is now before the Court for screening.

I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  *Id.*

2

### III.    PLAINTIFF'S ALLEGATIONS

Plaintiff is detained at Coalinga State Hospital ("CSH") in Coalinga, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants: 1) Audrey King, Executive Director of Coalinga, 2) John Doe 1, Chairman Property Compliance Committee, 3) John Doe 2, Chairman Ad-hoc Property Committee, 4) John Doe 3, Chairman Environment of Control Committee, 5) John Doe 4 and 5, Property Room Officers, 6) John Doe 6, Property Room Sergeant, 7) John Doe 7, Hospital Administrator, 8) John Doe 8, Level of Care Staff on Unit 3, and 9) John Does 9 and 10.

Plaintiff alleges essentially the following:

Defendant Audrey King, CSH Executive Director, through her individual acts and omissions and policy directives to CSH staff (1) housed Plaintiff in an overcrowded hospital dormitory that does not comply with state requirements for patient living area, fire safety, and privacy and creates a shortage of medical staff which in turn causes Plaintiff to be deprived of medical services; (2) unreasonably searched his living area and confiscated his personal property (including his stamp albums, art supplies, a DVD, and MP3 player) without notice, opportunity to appeal, and compensation as required by CSH regulations; (3) denied him CSH services (such as leisure time) because of inadequate staffing; and (4) denied his grievance of these deprivations.

CSH employees unreasonably searched his living area, confiscating non-contraband property.  Plaintiff was disciplined for attempting to watch the search and "[a]t one point . . . suffered a small stroke."  (ECF No. 8 at 6.)  Additionally, Plaintiff has suffered stress, anxiety, and hopelessness.  (ECF No. 8 at 14.)

Plaintiff seeks an order (1) reducing occupancy from four man dorms to two man dorms, (2) mandating housing of only California Health and Welfare Code § 6600 civil detainees at CSH,[1] (3) installing adequate privacy curtains in the dorms, and (4) returning allowable property confiscated by staff and publically listing items that are

---

[1] Section 6600 provides for detention of sexually violent predators.

contraband.

## IV.    ANALYSIS

Plaintiff, a civil detainee pursuant to California Welfare and Institutions Code § 6600 *et seq.*, is not a prisoner within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).   He retains greater liberty protections than individuals detained under criminal process and is "'entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.'"  *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004) (*quoting Youngberg v. Romeo*, 457 U.S. 307, 322 (1982)).   Treatment is presumptively punitive when a civil "detainee is confined in conditions identical to, similar to, or more restrictive" than his criminal counterparts.  *Id.* at 933.

Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause.  *Youngberg*, 457 U.S. at 315. A determination whether Plaintiff's rights were violated requires "balancing his liberty interests against the relevant state interests."  *Id.* at 321.

### A.    Linkage

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights.  *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  In other words, there must be an actual connection or link between the actions of Defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

Plaintiff adds ten unnamed Defendants in this action.  Plaintiff properly separates between them, but fails to specifically link each to an alleged deprivation of his rights. For example, if unnamed Defendants are the CSH employees who unlawfully searched his room, confiscated his property, or denied him privacy curtains, Plaintiff must plead specific facts as to when the violations occurred, by which Doe Defendant, and how the actions amounted to violations of his constitutional rights.

Plaintiff was previously advised of this linkage requirement, but failed to comply with it when he added these unnamed Defendants in his First Amended Complaint. Plaintiff will be given **one more opportunity** to amend his complaint to allege how each Defendant personally acted or failed to act, violating his rights.

### B.      Overcrowding

Plaintiff claims his dorm was designed for thirty men but holds fifty, and that because of this overcrowding he is being denied 26 square feet of living area.  As a result, Plaintiff has not been able to "socialize, store property, and be free from stress, intrusive searches and confiscation/denial of allowable property." (ECF No. 8 at 3.) Additionally, there is a shortage of staff, which has deprived Plaintiff of medical services. Accepting these allegations as true, Plaintiff has alleged facts sufficient to assert a cognizable claim for reduction in services and inadequate staffing due to overcrowding. *See Bell v. Wolfish*, 441 U.S. 520, 542 (1979); *See also Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989) (overcrowding only arises to a constitutional violation when combined with other factors such as inadequate staffing and violence).  However, no cognizable claim exists here based solely on the double-bunking of detainees or size of  living area.  *See Bell*, 441 U.S. at 542 (mere double-bunking is not a *per se* violation of due process); *See also Graves v. Arpaio*, 2008 WL 4699770, at *7 (D. Ariz. October 22, 2008) (*citing Hoptowit v. Ray*, 682 F.2d 1237, 1249 (9th Cir. 1982)) ("[e]xclusive reliance on per capita square footage recommendations or a jail's rated capacity is insufficient" to state an overcrowding claim).

### C.      California Code of Regulations & State Regulatory Violations

Plaintiff's alleged facts do not demonstrate individual standing to enforce state building and hospital laws and regulations allegedly violated.

The mere existence of the CCR does not create a right on the part of a detainee to sue civilly.  The Court has found no authority to support a finding of an implied private right of action under Title 22 or 24 the CCR, and Plaintiff has provided none.  Several

district court decisions hold that there is no such right.  *See e.g., Vasquez v. Tate*, No. 1:10-cv-1876-JLT, 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012); *Davis v. Powell*, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012); *Hutchison v. Marshall*, 2011 U.S. Dist. LEXIS 25366, *25-26 (C.D. Cal. Feb. 2, 2011).  Because Plaintiff may not bring an independent claim solely for violation of the CCR or other state regulations, leave to amend such a claim is futile and will be denied.

> ### D.    Search of Room

"The Fourth Amendment prohibits only unreasonable searches."  *Bell*, 441 U.S. at 558 (*citing Carroll* v. *United States*, 267 U.S. 132, 147 (1925)); *Byrd v. Maricopa Cnty. Sheriff's Dep't.*, 629 F.3d 1135, 1140 (9th Cir. 2011).  The reasonableness of a search is determined by the context, which "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails."  *Bell*, 441 U.S. at 559.  For the Fourth Amendment to apply there must be a "reasonable expectation of privacy in the place that is invaded."  *Espinosa v. City and Cnty. of San Francisco*, 598 F.3d 528, 533 (9th Cir.2010); *Hudson v. Palmer*, 468 U.S. 517, 525 (1984).  Factors that must be evaluated are "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted."  *Bell*, 441 U.S. at 559; *Byrd*, 629 F.3d at 1141.

Some courts have concluded civil detainees do not have a reasonable expectation of privacy in their rooms.  *Pesci v. Budz*, 2012 WL 4856746, at *6 (M.D. Fla. Oct. 12, 2012) (civil detainee did not have a reasonable expectation of privacy in his dormitory); *but see, Hoch v. Tarkenton*, 2013 WL 1004847, at *2 (E.D. Cal. Mar. 13, 2013) (finding cognizable Fourth Amendment claim arising from contraband search of civil detainee's hospital room where search unsupported by consent, warrant, probable cause, or reasonable suspicion).

Plaintiff complains committees authorized by Defendant King and other CSH employees conducted unreasonable searches of his living area and confiscated non-

contraband personal property.  However, it is unclear from Plaintiff's complaint when, how, and why these searches were conducted and by which specific Defendant.  Plaintiff alleges that no justification was given for the searches, but also notes that staff cited legitimate security and safety reasons for taking the property.  It is also unclear whether the property was contraband at the time of its confiscation.  And, while Plaintiff states there was no process for him to obtain compensation or receive his non-contraband materials back, the documents attached to Plaintiff's complaint seem to suggest procedures were in place for compensation and for shipping certain items and storage containers to family and/or friends at a detainee's request.

Even if a reasonable expectation of privacy in Plaintiff's room could be established, Plaintiff does not allege sufficient consistent facts to reflect an unreasonable search of his living area.

Plaintiff will be given **one more opportunity** to amend.  If Plaintiff chooses to amend, he should allege facts showing how and why he was subjected to an unreasonable search by a named Defendant causing him harm.

### E.   Property Confiscation

Plaintiff complains CSH staff confiscated his non-contraband personal property, including his stamp collection, driver's license, a money order, art supplies, a DVD, and his MP3 player.  The Due Process Clause protects against property deprivation without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).[2]

Plaintiff alleges he was deprived of non-contraband personal property without the opportunity to appeal.  He attributes the deprivation to general storage and safety reasons (*e.g.,* potential fire hazard) or a change in policy regarding contraband status.[3] However, exhibits attached to Plaintiff's First Amended Complaint suggest detainees

---

[2] Plaintiff does not have a Fourth Amendment right to be free from seizure of his personal property.  *Hudson v. Palmer*, 468 U.S. 517, 536 (1984); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989).  His property claim is properly analyzed under the Fourteenth Amendment.  *Id.*

[3] Cal. Code Regs. tit. 9 § 884 allows for storage of non-contraband personal property as space permits and subject to institutional needs.

were offered the option of storing their property, sending it home, donating it, or destroying it.

Additionally, Plaintiff fails to allege any facts to support his conclusory allegation that he was denied the right to appeal.  Plaintiff does not state with any specificity who denied him the right to appeal, when, how and what justification, if any, was given for the denial.  To the extent Plaintiff might allege the deprivation was not authorized by state law, *Hudson* precludes a procedural due process claim based upon an "unauthorized intentional deprivation of property by a state employee if a meaningful post-deprivation remedy for the loss is available."  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "California law provides an adequate post-deprivation remedy for any property deprivations."  *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir.1994) (*citing* Cal. Gov't Code §§ 810–895).

Plaintiff does not state a cognizable claim for relief for violation of the Due Process Clause of the Fourteenth Amendment for the deprivation of property.  Plaintiff will be given **one additional opportunity** to amend.  If Plaintiff chooses to amend, he should allege facts showing how and why an authorized search deprived him of property without notice and opportunity to contest the deprivation and disposition of the property.

### F.    Privacy

The extent of an involuntarily confined civil detainee's right to privacy in his room in a secure treatment facility is unclear, but, assuming Plaintiff retains some reasonable expectation of privacy in his living area at Coalinga, it would necessarily be of a diminished scope given Plaintiff's civil confinement. *See Bell*, 441 U.S. at 556-57 (discussing detainee's expectation of privacy in cell or room at detention facility); *See also Pesci*, 2012 WL 4856746, at *6 (no expectation of privacy in dormitory); *but see*, *Hoch*, 2013 WL 1004847, at *2 (search of plaintiff's hospital room, where search was unreasonable states a Fourth Amendment claim).

Plaintiff alleges that he has a reasonable expectation of privacy in his room for

purposes of changing his clothes and applying toiletries, completing his sex offender homework, writing personal letters, and protecting his personal property from other detainees.  Because the curtains are made of netting and see-through material and fail to completely separate the living quarters, Plaintiff alleges his living area is not adequately screened.

Plaintiff fails to allege any specific harm caused by the inadequate curtains or to link particular Defendants to the alleged violation of his privacy rights.   Plaintiff speculates that others may "case" his area to take his possessions or see him changing, but he fails to allege any actual incident where this occurred.  Plaintiff's allegation that Defendant King "sanctioned the actions of Does 1-5 to deny privacy in the rooms" fails to link any particular Defendant to a violation of Plaintiff's constitutional rights.  (ECF No. 8 at 10.)  Plaintiff will be given **one more opportunity** to amend to allege what each Doe Defendant did to violate Plaintiff's rights, when it happened, whether any justification was provided, and how Defendant King "sanctioned" the activity.

### G.   Habeas Corpus Relief

Plaintiff labels his First Amended Complaint as a petition for writ of habeas corpus.  Habeas relief is not available in a § 1983 action.  *See* 28 U.S.C. § 2254.  A section 1983 action is barred, no matter the relief sought, "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (unless and until favorable termination of the conviction or sentence, no cause of action under section 1983 exists); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140 (9th Cir. 2005) (applying *Heck* to SVPA detainees with access to habeas relief).  If Plaintiff wishes to dispute the duration or validity of his civil confinement, he must pursue such claims by filing a *habeas corpus* petition.

## V.   CONCLUSION AND ORDER

Plaintiff's First Amended Complaint states a due process claim against Defendant

King based on overcrowding.  It does not state a claim against any other Defendant.

If Plaintiff does not wish to file an amended complaint, and he is agreeable to proceeding only on the claim found to be cognizable, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claim.  The other defendants then will be dismissed, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated.

If Plaintiff files an amended complaint, it must state what each named defendant did that led to the deprivation of his constitutional rights.  *Iqbal*, 556 U.S. at 676-77.  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an "amended complaint supersedes the original" complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.       Within thirty (30) days from the service of this order, Plaintiff must either:

a.  File an amended complaint curing the deficiencies identified by the Court in this order, or

b.  Notify the Court in writing that he does not wish to file an amended complaint and that he is willing to proceed only on the claim found to be cognizable in this order;

2.  The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his signed First Amended Complaint filed December 12, 2013;

3.  If Plaintiff fails to file an amended complaint or notify the Court in writing that he wishes to proceed only on his cognizable claim, in compliance with this order, the Court will dismiss this action, without prejudice, for failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   February 4, 2015          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE